UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICO HAYES, | 1: 05 CV F 0035 AWI DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CHRISTINE MILLIGAN, | |
| Defendants. | |

Plaintiff is a prisoner in federal custody at the Atwater Facility and is proceeding in forma pauperis and pro se. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Pending before the Court is plaintiff's amended complaint filed March 31, 2005.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, Plaintiff names as defendants Christine Milligan, Dee Lorance, and his Case Manager Robert Brown. Plaintiff alleges that while conducting a disciplinary hearing, defendant Lorance violated his right to a fair hearing by denying his right to call witnesses and conducting a one-sided investigation. He alleges that as a result he lost time credits. He contends that defendant Lorance also delayed the appeal process. He further alleges that defendant Brown interviewed him and advised plaintiff of his right to appeal and advised plaintiff that if he didn't want to attend the hearing he didn't have to and thereby misled him into not attending the hearing. Plaintiff alleges that Brown also violated the policy of having two staff members present when plaintiff signed a government document.

A.     Failure to Link Defendant Milligan to Specific Conduct.

Plaintiff names defendant Milligan as a defendant but does not discuss this defendant in the body of his complaint. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has failed to make any specific allegations against defendant Milligan. The court will provide plaintiff the opportunity to amend his complaint, if, after reviewing the aforementioned legal standards, plaintiff believes in good faith that he has a cognizable claim for relief against

defendant Milligan.

B.  Disciplinary Hearing

Similarly, the court finds that plaintiff's allegations that defendants deprived him of his procedural due process rights with regard to his disciplinary hearing do not give rise to a cognizable section 1983 claim.  Pursuant to the rule announced in Edwards v. Balisok, 520 U.S. 641 (1997), a claim challenging the procedural aspects of a prison disciplinary hearing is not cognizable under section 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing, unless the prisoner can demonstrate that the result of the disciplinary hearing has been previously invalidated.  Id. at 648; see Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997)(applying Balisok to dismiss action in which a prisoner sought monetary relief based on allegations that prison officials relied on false information to find him ineligible for parole); Gotcher v. Wood, 122 F.3d 39 (1997), on remand from 520 U.S. 1238 (1997)(holding that prisoner's claim for compensatory damages was not cognizable under section 1983).

Plaintiff has not demonstrated that the result of the hearing has been invalidated.  Therefore, plaintiff's claim that his rights to procedural due process were violated cannot proceed.

Further, prisoners have no constitutional right to an inmate grievance system.  Olim v. Wakinekona, 461 U.S. 238, 249 (1983).  Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley, 997 F.2d at 495 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Specifically, failure to process a grievance does not state a constitutional violation.  Buckley, 997 F.2d at 495.  Thus, a

1 prison official's involvement and actions in reviewing prisoner's administrative appeal cannot
2 serve as the basis for liability under a § 1983 action.  <u>Buckley</u>, 997 F.2d at 495.  The alleged
3 delay of plaintiff's appeal process by defendant Lorance does not give rise to a cognizable claim
4 for relief under section 1983.

5 C.    <u>Conclusion</u>

6    Plaintiff's complaint does not contain cognizable claims for relief against any of the
7 named defendants and therefore must be dismissed in its entirety.  The Court will, however, grant
8 leave to file an amended complaint.  Failure to cure the deficiencies will result in dismissal of
9 this action without leave to amend.

10    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
11 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
12 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
13 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
14 is some affirmative link or connection between a defendant's actions and the claimed deprivation.
15 <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980);
16 <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

17    In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
18 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading.  This is because, as a
20 general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
21 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
22 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
23 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24    In accordance with the above, IT IS HEREBY ORDERED that:

25    1. Plaintiff's complaint is dismissed;

26    2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form
27 for use by pro se prisoners;

28    3. Plaintiff is granted thirty days from the date of service of this order to file an

1  amended complaint that complies with the requirements of the Civil Rights Act, the Federal
2  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
3  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
4  an original and two copies of the amended complaint; failure to file an amended complaint in
5  accordance with this order will result in dismissal of this action for failure to state a claim and
6  failure to comply with the court's order.
7       IT IS SO ORDERED.
8  **Dated:   September 26, 2005**             /s/ **Dennis L. Beck**
   3b142a                                  UNITED STATES MAGISTRATE JUDGE