IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICO R. HAYES,

        Plaintiff,                    No. CIV 05-00035 ALA P

vs.

CHRISTINE MILLGAN, et al.,

        Defendants.             ORDER

_____/

      Before the Court is a document filed by pro se plaintiff Rico R. Hayes, a federal prisoner proceeding in forma pauperis, entitled "Requesting the Assistance of Counsel." Therein, Mr. Hayes asks the Court to appoint him counsel on the basis that he is "unable to financially retain counsel for [him]self." Requesting the Assistance of Counsel, at 1. He also asks this Court to "permit[] [him] to proceed without pre-payment of cost." *Id.*

      A district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). *See also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (Courts have discretion.). In § 1983 cases brought by indigent litigants, "[c]ounsel should only be appointed in exceptional circumstances, based on such factors as the

likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990). Where the only difficulties the plaintiff shows "are difficulties which any litigant would have in proceeding pro se," appointment of counsel is not warranted. *Id.* Appointment is also disfavored where "compelling evidence against [the plaintiff] mak[es] it extremely unlikely that he w[ill] succeed on the merits." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Exceptional circumstances do not warrant appointment of counsel in this case. Mr. Hayes' claim is not complex. It appears to arise from a single incident in which Mr. Hayes spoke to Defendant Milligan regarding a typewriter, and after which Defendant Milligan allegedly made false allegations against Mr. Hayes. Amended Complaint, Statement of Claim, at 3. Mr. Hayes appears to face only the normal difficulties that confront all pro se litigants, and appointment of counsel is therefore not appropriate.

Nor will the Court grant Mr. Hayes's request to proceed without "pre-payment of cost[s]." On February 28, 2005, this Court issued an order pursuant to 28 U.S.C. § 1915(b) granting Mr. Hayes's motion to proceed in forma pauperis, ordering Mr. Hayes to pay the statutory filing fee of $150.00, and assessing an initial partial filing fee of $32.31 against him.[1]

---

[1] 28 U.S.C. § 1915(b) provides:

(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited

1 *See* Docket No. 7. On the same date, this Court also issued a separate order directing the warden
2 of FCI Atwater, where Mr. Hayes was then in custody, to collect the initial partial filing fee from
3 Mr. Hayes' trust account and forward it to the Clerk of Court. *See* Docket No. 8. The order
4 granting Mr. Hayes leave to proceed in forma pauperis also provided, consistent with 28 U.S.C.
5 § 1915(b)(2), that Mr. Hayes would be "obligated for monthly payments of twenty percent of
6 the preceding month's income credited to [his] prison trust account" and stated that those
7 payments would be forwarded to the Clerk of Court each time the amount in Mr. Hayes' account
8 exceeded $10.00, until the filing fee was paid in full. *See* Docket No. 7 at 2. The accompanying
9 order directed the warden of FCI Atwater to collect those monthly payments and forward them to
10 the Clerk of Court. *See* Docket No. 8. Mr. Hayes does not contend that those procedures impose
11 any undue hardship on him, or offer any reason why he should be exempt from them.

In accordance with the above, IT IS HEREBY ORDERED that Mr. Hayes' motion "Requesting the Assistance of Counsel" (Doc. No. 34) is denied.

DATED: August 9, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

-3-