IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICO R. HAYES,

     Plaintiff,                     No. CIV 05-00035 ALA P

vs.

CHRISTINE MILLIGAN, et al.,

     Defendants.             <u>ORDER</u>

_____/

      Rico R. Hayes, a federal prisoner, asserts this *Bivens*[1] action against Defendants Christine Milligan Moore,[2] Robert Brown, and David Edwards. Before the Court is Defendants'

---

[1] *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "A "Bivens action" is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." *Stanley v. Gonzales*, 476 F.3d 653, 657 n.1 (9th Cir. 2007).

[2] Defendant Moore is named in Mr. Hayes' Amended Complaint as "Christine Milligan." She is referred to as "Christine Milligan Moore" in Defendants' Motion to Dismiss,

-1-

motion to dismiss Mr. Hayes' Amended Complaint under Rule 12(b) of the Federal Rules of Civil Procedure. Defendants argue that dismissal is warranted because, *inter alia*, Mr. Harris failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), before he filed his Complaint.[3]

42 U.S.C. § 1997e(a) provides, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *Bivens* actions, such as this case, are included "within the statutory reach of section 1997e(a)," and subject to its exhaustion requirement. *Rumbles v. Hill*, 182 F.3d 1064, 1069 (9th Cir. 1999), *overruled on other grounds in Booth v. Churner*, 532 U.S. 731 (2001).

The PLRA's exhaustion requirement is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003).[4] Rather, the absence of exhaustion is an affirmative defense that defendants have the burden of raising and proving. *Id.* The Ninth Circuit treats motions to dismiss for failure to exhaust prison remedies under the PLRA as unenumerated Rule 12(b)

---

however, and refers to herself by that name in her declaration. The Court consequently will refer to her as "Christine Milligan Moore" in this order.

[3] Defendants also argue that dismissal is warranted under Rule 12(b)(1) because this Court lacks subject matter jurisdiction over Mr. Hayes' Amended Complaint, and under Rule 12(b)(6) because the Amended Complaint fails to state a claim upon which relief can be granted. The Court will not address these arguments because, as explained herein, the exhaustion argument is likely to be dispositive.

[4] Defendants' assertion that, "absent the plaintiff exhausting administrative remedies, the court is without jurisdiction to hear the matter," Motion to Dismiss at 10, is incorrect. *Rumbles*, 182 F.3d at 1068 ("[S]ection 1997e(a) is not jurisdictional."). *See also Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003) ("[T]he PLRA exhaustion requirement does not affect our subject matter jurisdiction.")

motions. *Id.* at 1119. "In deciding [such] a motion . . . the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. "[I]f the district court looks beyond the pleadings to a factual issue in deciding the motion to dismiss for failure to exhaust - a procedure closely analogous to summary judgment - then the court must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14.

The Code of Federal Regulations, 28 C.F.R. §§ 542.13-542.15, sets forth a four-step process for administrative exhaustion of inmates' complaints. First, the inmate must "present [the] issue[s] of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if informal resolution fails, "[t]he deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response [to the BP-9] may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* When an inmate's complaint concerns a decision issued by a Discipline Hearing Officer ("DHO"), the inmate does not engage in informal resolution or file a BP-9 form; instead, "the first level of filing an appeal is to the Regional Director." Burke Decl. at ¶ 2; 28 C.F.R. § 542.14(d)(2). To exhaust the remedies provided in 28 C.F.R. § 542.13 *et seq.*, an inmate must complete all four levels of review. *Campbell v. Chavez*, 402 F. Supp. 2d 1101, 1105 (D. Ariz. 2005).

Mr. Hayes' Amended Complaint alleges constitutional violations arising from: (1) Defendant Moore's filing of an "Incident Report" ("IR") against him after he allegedly made

-3-

inappropriate remarks to her on October 17, 2004; (2) an October 19, 2004 Unit Disciplinary Committee ("UDC") hearing, when Defendant Brown allegedly "violated [Mr.Hayes] by intentionally waiving [his] rights to be present at [the] hearing without [his] consent," and at which Mr. Hayes was allegedly prevented from calling witnesses; and (3) an incident on August 22, 2005, when Defendant Edwards allegedly "conducted [a] patch [sic] search, then ask[ed] to look in [Mr. Hayes'] shorts" and made demeaning comments to Mr. Hayes.  The question is whether Mr. Hayes has exhausted his administrative remedies with respect to each of these incidents.

I.      **Defendant Milligan's Complaint and the October 19, 2004 UDC Hearing**

Defendants present uncontradicted evidence that Mr. Hayes failed to exhaust his administrative remedies as to his claims relating to Defendant Milligan's filing of the IR and the October 19, 2004 UDC hearing.   Robert J. Ballash, the Federal Bureau of Prisons' ("FBP's") Discipline Hearing Administrator, states in a declaration that computer records show that Mr. Hayes "incurred [a prison] incident report . . . on October 17, 2004, charging him with a violation of Code 298, Interfering with Staff and Code 312, Insolence toward a Staff Member," and that the report was assigned IR number 1272506.  IR No. 1272506, which is attached as an exhibit to a declaration submitted by Cecilia Burks, the FBP's Correctional Programs Secretary and Administrative Remedy Clerk, appears to be the IR Defendant Moore filed regarding her October 17, 2004 confrontation with Mr. Hayes.

Mr. Ballash states that Mr. Hayes was afforded a Unit Discipline Committee ("UDC") hearing regarding IR No. 1272506 on October 19, 2004 and a Discipline Hearing Officer ("DHO") hearing on November 1, 2004, and was sanctioned for the offense of insolence to a staff member.  Ballash Decl. at ¶ 4.  Ms. Burks states, and presents records reflecting, that Mr. Hayes appealed the November 1, 2004 hearing result to the Western Regional Office on January 21, 2005, that his appeal was rejected as incomplete, and that it was given the tracking number

-4-

365031-R1. Burks Decl. at ¶4. Documents show that Mr. Hayes re-filed the appeal at the Western Regional Office on February 10, 2005, stating in his appeal form that he "was denied the Rights to a Fair DHO, Hearing . . ." *Id.* at ¶ 5; Exhibits. Ms. Burks states, and records show, that Mr. Hayes' regional appeal was denied on March 5, 2005, and that Mr. Hayes did not appeal that denial to the General Counsel. Burks Decl. at ¶ 5; Exhibits.

The above evidence appears to establish that Ms. Moore's allegations against Mr. Hayes were adjudicated in the October 19, 2004 hearing, and that Mr. Hayes did not complete the appeal process as to his contention that Ms. Moore's allegations were false or his contention that he was denied due process at the hearing. Mr. Hayes has not argued to the contrary.

**II.     Defendant Edwards' August 22, 2005 Pat-Down Search**

Defendants also present uncontroverted evidence that Mr. Hayes failed to exhaust his administrative remedies as to his claim arising from Defendant Edwards' August 22, 2005 pat-down search. They submit a declaration by Michelle Salm, the Administrative Remedy Clerk at the United States Penitentiary (U.S.P.) at Atwater, California. Ms. Salm's declaration, and accompanying exhibits, show that Mr. Hayes filed an Informal Resolution Form regarding the search in August 2005, that he filed a Request for Administrative Remedy regarding it dated September 9, 2005, that the Warden issued a response on October 6, 2005 stating that Mr. Hayes' allegations were being investigated and that Mr. Hayes, "if dissatisfied with this response, [could] appeal to the Regional Director" within 20 calendar days of the date of the response. Salm Decl. at ¶ 6; Exhibits. Ms. Salm states, without contradiction, that "[a] search of the SENTRY [computer] system indicates that plaintiff did not further appeal the Warden's response on October 6, 2005." Salm Decl. at ¶ 6.

**III.    Mr. Hayes' Opportunity to Develop a Record Concerning Exhaustion**

The evidence summarized above, which Mr. Hayes has not contradicted, appears to establish that Mr. Hayes failed to exhaust his administrative remedies as to each of the claims in

-5-

his Amended Complaint. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt*, 315 F.3d at 1120. Where, as here, "the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust - a procedure closely analogous to summary judgment - then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14

It is not clear whether Mr. Hayes has yet received "fair notice of his opportunity to develop a record" on the exhaustion issue. Defendants did submit, with their Motion to Dismiss, a copy of a proof of service reflecting that the motion and accompanying declarations and exhibits were served on Mr. Hayes. Mr. Hayes, however, has completely failed to respond to the motion to dismiss. The Court will therefore issue Mr. Hayes an additional notice, and order him to show cause why his Amended Complaint should not be dismissed for failure to exhaust administrative remedies.

/////

For the foregoing reasons:

1. Mr. Hayes is hereby ORDERED TO SHOW CASE, on or before September 17, 2007, why the Court should not dismiss his Amended Complaint, filed December 6, 2005, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); and,

2. Mr. Hayes is hereby given the following informational notice:   The Court is considering whether to dismiss Mr. Hayes' Amended Complaint, which he filed on December 6, 2005, because he failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) as to each of his claims. In deciding whether to dismiss Mr. Hayes' Amended Complaint, the Court will consider any evidence submitted on that issue by Mr. Hayes and by the Defendants. In responding to this order and to Defendants' motion to dismiss, Mr. Hayes may not simply rely

1  on the allegations in his Amended Complaint. Instead, he must oppose Defendants' motion to
2  dismiss by setting forth specific facts in declarations and other evidence regarding the exhaustion
3  of his administrative remedies. *See* FED. R. CIV. P. 43(e); *Ritza v. Int'l Longshoremen's &*
4  *Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988). If Mr. Hayes does not respond to
5  this order on or before September 17, 2007, by submitting his own evidence in opposition to
6  Defendants' motion to dismiss, the Court may conclude that Mr. Hayes has not exhausted his
7  administrative remedies and the case will be dismissed without prejudice. *Ritza*, 837 F.2d at 368
8  & n.3.
9  /////
10 SO ORDERED.

12 DATED: August 16, 2007

             /s/ Arthur L. Alarcón
             UNITED STATES CIRCUIT JUDGE
             Sitting by Designation