IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICO R. HAYES,

     Plaintiff,                    Case No. 05-cv-00035 ALA (P)

    vs.

CHRISTINE MILLIGAN, et al.,

     Defendants.              ORDER

     Plaintiff Rico R. Hayes is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Before this Court is Defendants' Motion to Dismiss the Amended Complaint on the ground that Mr. Hayes failed to exhaust his administrative remedies (Doc. 31). For the reasons stated below, Defendants' motion is granted and the case is dismissed without prejudice.

**I**

     In his verified Amended Complaint, filed on December 6, 2005, Mr. Hayes claims that his constitutional rights were violated during the following three alleged incidents: (1) Defendant Christine Moore's filing of an "Incident Report" ("IR") against Mr. Hayes in which she allegedly made false statements that Mr. Hayes made inappropriate remarks to her on October 17, 2004; (2) the Unit Disciplinary Committee ("UDC") hearing conducted two days later, on October 19,

1

2004, concerning the Moore incident in which Defendant Robert Brown allegedly "violated [Mr. Hayes] by intentionally waiving [his] rights to be present at [the] hearing without [his] consent," and at which Mr. Hayes was allegedly prevented from calling witnesses; and (3) a separate incident on August 22, 2005, when Defendant David Edwards allegedly conducted an illegal pat-down search of Mr. Hayes in which he "ask[ed] to look in [Mr. Hayes's] shorts" and made demeaning comments to Mr. Hayes.  (Doc. 16).

On July 5, 2007, Defendants filed a Motion to Dismiss the Amended Complaint on the grounds that Mr. Hayes failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") and that under Rule 12(b)(6) of the Federal Rules of Civil Procedure Mr. Hayes failed to state a claim upon which relief could be granted. (Doc. 31).  In support of their motion, Defendants attached declarations from six individuals who made statements, in part, about Mr. Hayes's failure to exhaust his administrative remedies.  (Doc. 31).  Mr. Hayes failed to oppose the motion.[1]  On August 8, 2007, Defendants filed a response in support of their motion in which they argued that because Mr. Hayes failed to file opposition papers, their motion to dismiss should be granted pursuant to Local Rule 78-230(m).[2]  (Doc. 35).

On August 16, 2007, the Court ordered Mr. Hayes to show cause why the Court should not dismiss his Amended Complaint for failure to exhaust his administrative remedies.  (Doc. 40).  In the order, the Court detailed the evidence presented by Defendants that supported their argument that Mr. Hayes had failed to exhaust his adminstrative remedies.  The Court also gave Mr. Hayes the following "informational notice:"

> The Court is considering whether to dismiss Mr. Hayes' Amended Complaint, which he filed on December 6, 2005, because he failed

---

[1] The case was transferred to this Court on July 10, 2007 (Doc. 32).

[2] Local Rule 78-230(m) provides, in relevant part: "Failure of the responding party to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

> to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) as to each of his claims. In deciding whether to dismiss Mr. Hayes' Amended Complaint, the Court will consider any evidence submitted on that issue by Mr. Hayes and by the Defendants. In responding to this order and to Defendants' motion to dismiss, Mr. Hayes may not simply rely on the allegations in his Amended Complaint. Instead, he must oppose Defendants' motion to dismiss by setting forth specific facts in declarations and other evidence regarding the exhaustion of his administrative remedies . . . If Mr. Hayes does not respond to this order on or before September 17, 2007, by submitting his own evidence in opposition to Defendants' motion to dismiss, the Court may conclude that Mr. Hayes has not exhausted his administrative remedies and the case will be dismissed without prejudice.

(Doc. 40 at 6:20-7:7).

The Court granted Mr. Hayes's request for an extension of time to respond to the Court's order to show cause. (Doc. 47). On December 12, 2007, Mr. Hayes filed his response. (Doc. 52). In the response, Mr. Hayes restates his allegations raised in his Amended Complaint, but does not provide any evidence concerning whether he exhausted his administrative remedies. On January 3, 2008, Defendants filed a "rejoinder" in which they argued that Mr. Hayes's Amended Complaint should be dismissed because he failed to present evidence that he exhausted his administrative remedies. (Doc. 53).

## II

### A

The Prison Litigation Reform Act states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a).

The PLRA's exhaustion requirement is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). "[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Id.* at 1119; *see also Ritza v. Int'l*

1  *Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) ("[F]ailure to
2  exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if
3  raised in a motion for summary judgment.").

4      "In deciding [such] a motion . . . the court may look beyond the pleadings and decide
5  disputed issues of fact." *Wyatt*, 315 F.3d at 1120. "[I]f the district court looks beyond the
6  pleadings to a factual issue in deciding the motion to dismiss for failure to exhaust - a procedure
7  closely analogous to summary judgment - then the court must assure that [the plaintiff] has fair
8  notice of his opportunity to develop a record." *Id.* at 1120 n.14.

9      Here, in its August 16, 2007 order to show cause, the Court gave Mr. Hayes notice that it
10 was going to consider evidence beyond the pleadings to decide whether he had exhausted his
11 administrative remedies. (Doc. 40). In granting Mr. Hayes's request for an extension of time to
12 respond to the order to show cause, the Court gave Mr. Hayes four months to develop the record.
13 As set forth below, the Amended Complaint is dismissed because Mr. Hayes has not presented
14 any evidence to dispute Defendants' evidence that he failed to exhaust his administrative
15 remedies as required by PLRA § 1997e(a).

16                   **B**

17     The Code of Federal Regulations, 28 C.F.R. §§ 542.13-542.15, sets forth a four-step
18 process for administrative exhaustion of inmate's complaints. First, the inmate must "present
19 [the] issue[s] of concern informally to staff, and staff shall attempt to informally resolve the issue
20 before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).
21 Second, if informal resolution fails, "[t]he deadline for completion of informal resolution and
22 submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9),
23 is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. §
24 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response [to the BP-9] may
25 submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20
26 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). Fourth, "[a]n

4

inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* When an inmate's complaint concerns a decision issued by a Discipline Hearing Officer ("DHO"), the inmate does not engage in informal resolution or file a BP-9 form; instead, "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d)(2). To exhaust the remedies provided in 28 C.F.R. § 542.13 *et seq.*, an inmate must complete all four levels of review. *Campbell v. Chavez*, 402 F. Supp. 2d 1101, 1105 (D. Ariz. 2005). Each of Mr. Hayes's claims will be reviewed to address the question of whether he exhausted his administrative remedies.

**(1)**

Defendants present uncontradicted evidence that Mr. Hayes failed to exhaust his administrative remedies as to his claims relating to Defendant Milligan's filing of the IR and the October 19, 2004 UDC hearing. Robert J. Ballash, the Federal Bureau of Prisons' ("FBP's") Discipline Hearing Administrator, states in a declaration that computer records show that Mr. Hayes "incurred [a prison] incident report . . . on October 17, 2004, charging him with a violation of Code 298, Interfering with Staff and Code 312, Insolence toward a Staff Member," and that the report was assigned IR number 1272506. The report, which is attached as an exhibit to a declaration submitted by Cecilia Burks, the FBP's Correctional Programs Secretary and Administrative Remedy Clerk, appears to be the IR that Ms. Moore filed regarding her October 17, 2004 confrontation with Mr. Hayes.

Mr. Ballash states that Mr. Hayes was afforded a Unit Discipline Committee ("UDC") hearing regarding IR No. 1272506 on October 19, 2004 and a Discipline Hearing Officer ("DHO") hearing on November 1, 2004. Mr. Ballash also states that as a result of the hearings, Mr. Hayes was sanctioned for the offense of insolence to a staff member. Ballash Decl. at ¶ 4.

Ms. Burks states, and presents records reflecting, that Mr. Hayes appealed the November

1, 2004 hearing result to the Western Regional Office on January 21, 2005, but that his appeal was rejected as incomplete, and that it was given the tracking number 365031-R1. Burks Decl. at ¶4. Documents show that Mr. Hayes re-filed the appeal at the Western Regional Office on February 10, 2005, stating in his appeal form that he "was denied the Rights to a Fair DHO, Hearing . . . ." *Id.* at ¶ 5; Exhibits.

Ms. Burks states, and records show, that Mr. Hayes's regional appeal was denied on March 5, 2005, and that Mr. Hayes did not appeal that denial to the General Counsel. Burks Decl. at ¶ 5; Exhibits.  However, pursuant to 28 C.F.R. § 542.15(a), Mr. Hayes was required to do so.  Mr. Hayes has not provided any evidence to the contrary.  Thus, the evidence establishes that Mr. Hayes did not complete the appeal process as to his claims that Ms. Moore's allegations were false or that he was denied due process at the hearing.

**(2)**

Defendants also present uncontroverted evidence that Mr. Hayes failed to exhaust his administrative remedies as to his claim arising from Defendant Edwards's August 22, 2005 pat-down search. They submit a declaration by Michelle Salm, the Administrative Remedy Clerk at the United States Penitentiary (U.S.P.) at Atwater, California. Ms. Salm's declaration, and accompanying exhibits, show that Mr. Hayes filed an Informal Resolution Form regarding the search in August 2005, that he filed a Request for Administrative Remedy regarding it dated September 9, 2005, and that the Warden issued a response on October 6, 2005.  As set forth in 28 C.F.R. § 542.14(d)(2), the Warden explained in his response that, if Mr. Hayes was dissatisfied with the outcome, he could "appeal to the Regional Director." Salm Decl. at ¶ 6; Exhibits.  Ms. Salm states, without contradiction, that "[a] search of the SENTRY [computer] system indicates that plaintiff did not further appeal the Warden's response . . . ." Salm Decl. at ¶ 6.  Mr. Hayes does not provide any contrary evidence.

Thus, the evidence shows that Mr. Hayes did not follow the appeals process as set forth in 28 C.F.R. § 542.14(d)(2).  Accordingly, Mr. Hayes has failed to exhaust his administrative

remedies concerning this claim.[3]

### III

Therefore, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. 31) is GRANTED; and

2. The case is DISMISSED without prejudice.

///

DATED: May 7, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[3] Defendants also argue that dismissal is warranted under Rule 12(b)(1) because this Court lacks subject matter jurisdiction over Mr. Hayes's Amended Complaint, and under Rule 12(b)(6) because the Amended Complaint fails to state a claim upon which relief can be granted. (Doc. 31). It is unnecessary to address these arguments because the exhaustion argument is dispositive.